UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., | Case No. C-11-05691 JCS |
| Plaintiff, | |
| v. | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S REQUEST FOR FEES AND COSTS** |
| ELIZABETH DIMAS, and DOES 1 through 50, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

Plaintiff Wells Fargo Bank, N.A., ("Plaintiff") initiated this unlawful detainer action on October 25, 2011, in the Superior Court of the City and County of San Francisco against Defendant Elizabeth Dimas ("Defendant"). Defendant removed the case to federal court based on the "All Writs Act," 28 U.S.C. §1651. Plaintiff now brings a Motion to Remand and for Fees and Costs ("Remand Motion"). Defendant opposes the Remand Motion. The Court finds that the motions are suitable for disposition without oral argument pursuant to Local Rule 7-1(b). Accordingly, the hearing on the motions set for Friday, April 27, 2012 at 9:30 a.m. is VACATED.

For the reasons stated below, the Court GRANTS Plaintiff's Motion to Remand and DENIES Plaintiff's request for fees and costs.[1]

---

[1] The parties have consented to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

## II. BACKGROUND

### A. The Complaint

In the Complaint, Plaintiff Wells Fargo alleges that it purchased property known as 556 28th Street, City and County of San Francisco, 94101 at a trust deed foreclosure sale on August 21, 2011. Complaint, ¶ 5. The sale was a result of the default under a deed of trust secured by the property, which was owned by Defendant Elizabeth Dimas *Id.* Title was perfected on September 2, 2011. *Id.* Plaintiff alleges that Defendant remains in possession of the property. *Id.* Plaintiff alleges that the fair market rental value of the property is estimated to be $2,500.00 per month. *Id.* at ¶ 6.

Plaintiff served a written "3 Day Notice to Quit" by posting a copy of it on the property on October 17, 2011. *Id.* at ¶ 7. The Notice instructed the Defendant to deliver possession of the property within 3 days after service of the notice. *Id.* ¶ 8. After the Defendant failed to deliver possession of the property in a timely manner, Plaintiff filed suit in San Francisco Superior Court on October 25, 2011. The Complaint contains a single state cause of action for unlawful detainer. The Complaint states on the face page that the amount of damages sought "Does Not Exceed $10,000." Plaintiff seeks damages in the amount of $83.33 per day from the expiration of the 3-day notice period for the Defendant's continued unlawful possession. *Id.* at ¶ 11.

### B. Defendant's Notice of Removal

On November 28, 2011, Defendant removed this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. §1651. Defendant's Notice of Removal of Action Under 28 U.S.C.§ 1651 ("Removal Notice"), 1. Defendant asserts the Court has jurisdiction based on the "All Writs Act." *Id.* at ¶ 4. Defendant asserts that the terms of the deed of trust at issue in this unlawful detainer action are subject to the terms of a court-approved federal settlement in United States District Court: *In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing and Sales Practices Litigation,* Case No. 5:2009-md-02015-JF. *Id.* at ¶ 7. Defendant asserts that "under 28 U.S.C.§1651 removal of the state case is necessary and appropriate, in aid of this Court's continuing jurisdiction to interpret and enforce the terms of the Wachovia/Pick-A-Payment settlement." *Id.* at ¶ 10.

### C. Plaintiff's Motion to Remand

On February 29, 2012, Plaintiff filed the present Motion to Remand. In the Motion, Plaintiff argues that Defendant removed this action to federal court on the day of trial, November 28, 2011 "for the sole purpose of frustrating and delaying Plaintiff's right to immediate possession." Declaration of Jonathan Herschel Bornstein, Esq., in Support of Plaintiff's Motion for an Order of Remand" ("Bornstein Decl.") at ¶ 16. Plaintiff argues that the action must be remanded to state court because the case could not have been filed in federal court originally. Motion at 5.

First, Plaintiff argues that the Complaint does not contain any federal claims and the determination of whether a claim "arises under" federal law is based upon the allegations of the complaint, not counterclaims or defenses. Motion at 6-7. Second, Plaintiff argues that diversity jurisdiction does not exist in this case because the amount in controversy does not exceed $75,000; in fact, it does not even exceed $10,000. *Id*. at 9-10. Third, Plaintiff argues that the Defendant waived her right to remove by waiting to seek removal until the day of trial in the state court action. *Id*. at 11. Fourth, Plaintiff argues that this Court should abstain from asserting jurisdiction based upon the local nature of this unlawful detainer action.

Finally, Plaintiff argues that it is entitled to the fees and costs it has incurred as the result of removal, amounting to $5,425.00[2], because Defendant lacked an objectively reasonable basis for removal *Id.* at 12 (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)).

### D. Defendant's Opposition to the Motion to Remand

In Defendant's opposition to Plaintiff's motion, Defendant first argues that diversity jurisdiction exists in this case because Defendant is a citizen of California, and Plaintiff Wells Fargo is a citizen of South Dakota "the state where its main office, as designated in its articles of association, is located." Defendant's Points and Authorities in Opposition to Plaintiff's Motion to

---

[2]The fees incurred by counsel consist of the following: 7.8 hours to conduct legal research, draft and prepare the Motion to Remand; an anticipated 4.5 hours to review Defendant's Opposition and prepare, draft, file and serve Plaintiff's Reply papers and 3.2 hours to prepare for, attend and argue at the hearing on this matter, as well as file and serve the resulting order. Bornstein Decl., ¶ 17. Counsel states that his hourly rate in this type of case is $350.00. Finally, Plaintiff states that it has incurred costs in the amount of $145.00 to prepare, file and serve the present Motion. *Id.*

3

1  Remand" ("Opposition") at 3.  Defendant further argues that the amount in controversy exceeds
2  $75,000 because "there is more than just possession of the premises at issue in this action."
3  Opposition at 4.  Defendant argues that title "not only may, but must, be tried in such actions." *Id*.
4  (citing *Kartheiser v. Superior Court*,174 Cal.App.2d 617, 620 (1959)).  Defendant contends that
5  because the property is worth approximately $707,400, the foreclosure, if allowed to stand, will
6  result in losses far in excess of $75,000.  *Id*. at 4-5.  Defendant further argues that jurisdiction is
7  proper under the "All Writs Act" because Plaintiff has violated the terms of the federal settlement by
8  not offering Defendant a loan modification pursuant to the terms of the agreement.  Defendant points
9  out that by entering into a federal settlement, the Plaintiff has "subjected itself to the enforcement
10 power of the federal court."  *Id*. at 5.  Next, Defendant argues that she did not waive her right to seek
11 removal of this action and that there was no unreasonable delay in her attempt to do so.  *Id.* at 7.

Finally, Defendant argues that even if the Motion to Remand is granted, she has "substantial reasons in fact and in law for filing the Notice of Removal" and thus an award of fees and costs would be inappropriate.  *Id.* at 8.

**IV.  ANALYSIS**

**A.  Legal Standard Governing Removal**

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Original jurisdiction may be based on diversity or the existence of a federal question, as set forth in 28 U.S.C. §§ 1331 and 1332.

Federal question jurisdiction is found only where a federal question appears on the face of a properly pleaded complaint.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  This rule makes the plaintiff the master of his claim in that the plaintiff may avoid federal jurisdiction by exclusive reliance upon state law.  *Id.*  Further, whether a case arises under federal law does not

1  depend upon matters raised in the answer or in counterclaims.  *Holmes Group, Inc. v. Vornado Air*
2  *Circulation Sys., Inc.*, 535 U.S. 826, 830-31 (2002).

3        Federal subject matter jurisdiction under 28 U.S.C. § 1332(a)(1), based on
4  diversity, requires complete diversity of citizenship and an amount in controversy in excess of
5  $75,000.  When an action is removed based on diversity, complete diversity must exist at the time of
6  removal.  *Gould v. Mut. Life Ins. Co. of N.Y.*, 790 F.2d 769, 773 (9th Cir. 1986) (citing *Miller v.*
7  *Grgurich*, 763 F.2d 372, 373 (9th Cir. 1985)).  "If at any time before final judgment, it appears that
8  the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447©.

9        The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction."
10  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citations omitted).  Thus, "[f]ederal
11  jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Id.*
12  (citation omitted).  "The 'strong presumption' against removal jurisdiction means that the defendant
13  always has the burden of establishing that removal is proper."  *Id.*

14        **B.**     **Whether There is Federal Question Jurisdiction**

15        Plaintiff Wells Fargo asserts a single state law claim for unlawful detainer under California
16  Civil Code Section 1161 *et seq*.  A plaintiff bringing an unlawful detainer claim is entitled to
17  judgment upon establishing that the property at issue was sold in accordance with California Civil
18  Code section 2924 and that the requisite three-day notice to quit to defendant was served as required
19  in California Code of Civil Procedure Section 1161a.  *Litton Loan Servicing, L.P. v. Villegas*, 2011
20  WL 204322, at *2 (N.D. Cal., January 21, 2011) (citing *Evans v. Superior Court*, 67 Cal.App.3d
21  162, 168 (1977).

22        Thus, an unlawful detainer claim such as the one asserted by Wells Fargo here does not raise
23  a federal question.  *See Litton*, 2011 WL 204322, at *2 (remanding unlawful detainer action to state
24  court based, in part, on lack of federal question jurisdiction).

25        Defendant's argument that the Plaintiff's lawsuit violates terms of the federal settlement
26  agreement in the Wachovia class action is without merit.  Defenses and/or counterclaims based upon
27  violations of federal law do not provide a basis for federal subject matter jurisdiction.  As discussed
28

above, the well-pleaded complaint rule does not allow courts to consider affirmative defenses or counterclaims in determining whether federal question jurisdiction exists.  Moreover, counterclaims are not permitted in unlawful detainer actions due to the limited scope of those proceedings. *Knowles v. Robinson*, 60 Cal.2d 620, 625 (1963).  California courts have explained that parties challenging issues of title that cannot be litigated in an unlawful detainer proceeding may "seek relief by way of separate actions to quiet title or for specific performance." *Evans*, 67 Cal.App.3d at 170.  Judgment in an unlawful detainer action does not bar such separate actions. *Id*. at 171.

The cases cited by the Defendant in support of her argument that the All Writs Act provides federal question jurisdiction are unavailing.  Defendant cites *Baccus v. Parrish*, 45 F.3d 958 (5th Cir. 1995).  In *Baccus*, a federal district court had conditioned a class action settlement on the closure of certain state schools for the mentally handicapped and on the creation of community facilities for them.  The Texas Legislature responded by appointing a task force to make recommendations to the governor regarding the school closures.  An individual filed a state court action in which he argued that one of the task force appointments had been made in violation of state law.  The district court found that the removal of the case to federal court was permissible.  The Fifth Circuit affirmed.  According to *Baccus*, "Federal jurisdiction is proper where a claim brought in state court seeks to attack or undermine an order of a federal district court." *Id.* at 960.  While the court was reluctant "to say that any attack on a state's legislation may fall under federal purview if that legislation is somehow connected to the resolution of an independent federal case ... taking the appellants' pleadings as a whole, it is clear that the thrust of their claim is an attack on the settlement agreement in [the federal case], and as such, the district court properly denied the appellants' motion to remand." *Id.* at 961.

The court in *Baccus* held only that a federal district court may exercise removal jurisdiction over a state-court action that "seeks to set aside a provision of a settlement agreement in a federal case." *Id.* at 960 (citing *Eyak Native Village v. Exxon Corp.*, 25 F.3d 773, 778-79 (9th Cir.1994)). *Baccus* does not represent a departure from well-settled rules regarding federal question jurisdiction. Rather, it merely reflects the general notion that "an action to obtain relief from a federal judgment

6

presents a general federal question, which may support removal to federal court." *Eyak Native Village*, 25 F.3d at 778 (emphasis added).

The Court finds that *Baccus* is of no use to the Defendant here because *Baccus* is not similar to the case before the Court. The present case contains a single state law claim of unlawful detainer. That Defendant may have a valid claim against Wells Fargo for specific performance under the settlement agreement or have meritorious defenses to the state action is not tantamount to a finding that the thrust of the Plaintiff's action is an attempt to undermine or seek relief from a federal class action settlement. *See e.g., Petersen Law Firm v. City of Los Angeles*, 2009 WL 1505180, *2 (C.D. Cal., 2009) (finding applicability of *Baccus* limited to situations in which the plaintiff in a state-court action seeks to collaterally attack a federal court's previous judgment or final order). The Court finds no federal question jurisdiction on the facts of this case.

### C. Whether There is Diversity Jurisdiction

Although the Notice of Removal does not indicate that removal was based upon diversity of citizenship, Defendant argues diversity jurisdiction as a basis for her removal in Opposition to the Motion to Remand. Because the Plaintiff failed to file a Reply Brief, there are no arguments from the Plaintiff on the diversity issue. The Court nevertheless finds that there is no diversity jurisdiction in this case because the amount in controversy is less than $75,000.

Defendant's argument that the amount in controversy may be determined by the value of the property at issue is incorrect. In unlawful detainer actions, "the right to possession alone [is] involved – not title to the property." *Litton*, 2011 WL 204322, at *2 (quotations omitted).[3]

---

[3] The cases cited by Defendant are unavailing. Defendant cites *Kartheiser v. Superior Court*, 174 Cal.App.2d 617, 620 (1959) for the proposition that title "not only may, but must, be tried in [unlawful detainer] actions." Opposition at 4 (citing *Kartheiser*, 174 Cal.App.2d at 620). Defendant quotes *Kartheiser* out of context. In *Kartheiser*, the court explained the narrow exception to the general rule that title is *not* litigated in summary unlawful detainer proceedings unless the validity of the trustee's sale itself is attacked. The court explained:

> In an action for unlawful detainer, section 1161a therefore necessarily requires proof that the property was "duly sold in accordance with Section 2924 of the Civil Code," and that "the title under the sale has been duly perfected." [] Under such unlawful detainer statutes it has been held that title, to the extent required by section 1161a, "not only may, but must, be tried in such actions if the provisions of the statutes extending the remedy beyond the cases where the conventional relation of landlord and tenant exists are not to be judicially nullified."'

*Kartheiser*, 174 Cal.App.2d at 620 (internal quotations and citations omitted). The issue in *Kartheiser* was whether the plaintiff "acquire[d] title through his purchase at the trustee's foreclosure sale." *Id.* at 621. Contrary to Defendant's suggestion, *Kartheiser* does not stand for the proposition that any issues

1  Therefore, damages are limited to the rental value of the property during the period of unlawful
2  possession. *Id.* Plaintiff has asserted that the rental value of the property during the period of
3  unlawful possession (less than a month at the time the Complaint was filed) is less than $10,000.
4  Defendant has not disputed that the rental value is less than $75,000. Rather, Defendant now relies
5  upon the alleged value of the subject property. Because that is not the correct measure of damages,
6  the Court finds that the amount in controversy requirement is not satisfied.

### D. Whether Fees and Costs Should be Awarded

Pursuant to 28 U.S.C. §1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). The Supreme Court has held that, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). The Court in *Martin* explained that "district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id.* In *Lussier v. Dollar Tree Stores, Inc.*, the

---

relating to title may be litigated in an unlawful detainer action. Similarly, *Vella v. Hudgins*, 20 Cal.3d 251, 255-57 (1977) does not stand for the broad proposition that all issues relating to title may be litigated in unlawful detainer actions. The court explained the narrow exception to this general rule as follows:

> A qualified exception to the rule that title cannot be tried in unlawful detainer is contained in Code of Civil Procedure section 1161a, which extends the summary eviction remedy beyond the conventional landlord-tenant relationship to include certain purchasers of property such as Hudgins. Section 1161a provides for a narrow and sharply focused examination of title. To establish that he is a proper plaintiff, one who has purchased property at a trustee's sale and seeks to evict the occupant in possession must show that he acquired the property at a regularly conducted sale and thereafter "duly perfected" his title. (§ 1161a, subd. 3.) Thus, we have declared that "to this limited extent, as provided by the statute, ... title may be litigated in such a proceeding."

*Id.* at 256 (citing *Cheney v. Trauzettel*, 9 Cal.2d 158, 159 (1937)).

Here, Defendant does not contest that title was perfected and that the property was sold at the trustee's foreclosure sale in accordance with section 1161a. In any event, it is questionable that any purported need to try the issue of whether title was properly perfected changes the amount in controversy sought by the complaint.

Ninth Circuit cautioned that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." 518 F.3d 1062, 1065 (9th Cir. 2008). Rather, the objective reasonableness of the removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the defendant's arguments for removal. *Id.* at 1066-67.

The Court declines to impose fees and costs in this case, given Defendant's representations in Opposition to the Motion to Remand that she was notified that she was a member of a federal class action settlement. Defendant had an objectively reasonable, albeit mistaken, basis for believing that the federal court's continuing jurisdiction to enforce the terms of the settlement could provided a basis for federal question jurisdiction. Therefore, the Court declines Plaintiff's request for costs and fees.

## IV.  CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Remand, DENIES Plaintiff's request for costs and fees. Accordingly, the Court REMANDS the case to state court.

IT IS SO ORDERED.

Dated: April 24, 2012

JOSEPH C. SPERO
United States Magistrate Judge